[No. A103896. First Dist., Div. Two. June 6, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER LEE DIAL, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976 and 976.1, the opinion in the above entitled matter is ordered certified for publication in the official reports, with the exception of: (1) the entire text of Background (p. 659); (2) the last two paragraphs of part I of Discussion (p. 660); and (3) the entire text of part III of Discussion (p. 662).

---

**COUNSEL**

David D. Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Mark S. Howell, Deputy Attorneys General, for Plaintiff and Respondent.

---

**OPINION**

**KLINE, P. J.**—Christopher Lee Dial appeals following a combined sentencing in two cases tried together—one (Alameda County Super. Ct. No. 144478) where he admitted prior felonies and a jury found him guilty of receiving stolen property (Pen. Code, § 496, subd. (a)[1]), and the other (Alameda County Super. Ct. No. 139587) where probation was revoked based on the same conduct. Dial claims that the court at sentencing improperly ordered him to comply with the DNA and Forensic Identification Database and Data Bank Act of 1998, as amended (the DNA Act) (§ 295 et seq.), in violation of his Fourth Amendment rights. We agree with the People that his claim is not cognizable but that the cause must be remanded for resentencing due to unauthorized and conflicting aspects of the sentence.

BACKGROUND*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

## I. *Issues Presented*

Dial complains that the court "ordered" him to provide DNA samples under section 296 and that taking such samples under that section violates his

---

[1] All statutory references are to the Penal Code, unless otherwise indicated.

*See footnote, *ante,* page 657.

"rights under the Fourth Amendment to be free of unreasonable governmental intrusion." On the merits, he concedes that all three published California cases to have considered such challenges have rejected them (*People v. Adams* (2004) 115 Cal.App.4th 243, 255–259 [9 Cal.Rptr.3d 170] (*Adams*); *Alfaro v. Terhune* (2002) 98 Cal.App.4th 492, 505–512 [120 Cal.Rptr.2d 197] (*Alfaro*); *People v. King* (2000) 82 Cal.App.4th 1363, 1369–1378 [99 Cal.Rptr.2d 220] (*King*) [predecessor statute, former § 290.2]), but he claims they are wrongly decided. We also note what Dial's briefing does not—that two days before he filed his reply brief, a majority in an en banc decision by the Ninth Circuit similarly rejected such a challenge to a federal DNA database statute. (*U.S. v. Kincade* (9th Cir. 2004) 379 F.3d 813, cert. den. (2005) 544 U.S. 924 [161 L.Ed.2d 483, 125 S.Ct. 1638].) Dial asks that the "order" requiring DNA samples "be rescinded and that any information that may have been obtained as a result of this order be both suppressed and destroyed."

The People counter the challenge on its merits, but first raise several procedural obstacles to reaching it. They urge that the claim is (1) not cognizable or remediable on this appeal, (2) premature in that the record does not show whether Dial will be or has been required to submit DNA samples, and (3) waived by failure to object below. Dial concedes his failure to object below, but maintains that the issue can be reached as a pure issue of constitutional law or as an order "beyond the court's jurisdiction."

\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II. *"Ordered" DNA Act Compliance Issues*

We are persuaded by the People's argument that Dial's DNA Act challenge cannot be reached or effectively remedied on this appeal, and this makes it unnecessary to decide either the merits of Dial's challenge or the People's other procedural arguments.

This appeal is from a criminal conviction and sentence, and Dial's challenge does not affect the judgment of conviction as it did in two of the

---

\*See footnote, *ante*, page 657.

three California cases to have considered such challenges. In each, DNA from blood samples taken under the state law produced incriminating evidence admitted at the trial. (*Adams, supra,* 115 Cal.App.4th at pp. 246–248 [motion to suppress at trial]; *King, supra,* 82 Cal.App.4th at pp. 1368–1369.) Nor is this case like the third case, a civil action where eight inmates sued "state officials charged with implementing the Act," seeking injunctive relief against enforcement of the law. (*Alfaro, supra,* 98 Cal.App.4th at pp. 497, 500.) This is key because Dial asks that an "order" requiring DNA samples "be rescinded *and that any information that may have been obtained as a result of this order be both suppressed and destroyed*" (italics added). The injunctive nature of the italicized relief requires proceedings in which state officials charged with the law's enforcement participate and have the opportunity to protect their interests. That is not the case on this ordinary criminal appeal.

■ The parties' briefing antedates substantial changes wrought by voters in the November 2, 2004 general election through the passage of Proposition 69, but the responsibility for the DNA Act's management and administration remains vested in the Department of Justice (DOJ) through its DNA Laboratory (§ 295, subd. (g)). The DOJ is responsible for implementing the act (§ 295, subd. (h)), and authority to adopt policies and enact regulations for its implementation rests with the DNA Laboratory, Department of Corrections, Board of Corrections, and Department of the Youth Authority (*id.,* subd. (h)(1)), with responsibility for collection at jails or other county facilities resting with the county sheriff or chief administrative officer of such facilities (*id.,* subd. (i)(1)). Once samples are collected, those authorities must forward the samples to the DOJ (§ 298, subd. (a)), which enters the information (*id.,* subd. (b)(6)), and sample analysis, storage and use remain the responsibility of the DOJ and its DNA Laboratory (§ 295.1, subds. (a) & (c)). Not one of those authorities or officials is a party to this action so that we or the trial court could grant injunctive relief if persuaded by Dial's Fourth Amendment claims.

Dial also seeks to have an "order" by the trial court to provide DNA samples "rescinded," which is surely something this or the trial court could do. An examination of that order in the scheme of the DNA Act, however, shows that it is more akin to an advisement and that the act's requirements that specified persons give DNA samples are, to use the People's term, "self-executing" in that they are mandatory and arise with or without a trial

court advisement or order to that effect. Also, "rescinding" the order would not affect the validity of the judgment and sentence Dial appeals.

■ Persons specified in the DNA Act as required to give samples "shall" provide them (§ 296, subd. (a)), and the requirements of the chapter (Pen. Code, pt. 1, tit. 9, ch. 6; §§ 295–300.3) "shall apply to all qualifying persons regardless of sentence imposed . . . or any other disposition rendered in the case of an adult . . . , or whether the person is diverted, fined, or referred for evaluation . . . ." (§ 296, subd. (b).) The act does state that, prior to sentencing, a court "shall inquire and verify" that required samples were obtained and that this fact is "included in the abstract of judgment"; and "[t]he abstract of judgment issued by the court shall indicate that the court has ordered the person to comply with the requirements of this chapter and that the person shall be included in the state's DNA and Forensic Identification Data Base and Data Bank program and be subject to this chapter." (*Id.*, subd. (f).) "However, failure by the court to verify specimen, sample, and print impression collection or enter these facts in the abstract of judgment . . . shall not invalidate an arrest, plea, conviction, or disposition, or otherwise relieve a person from the requirements" of the chapter (*ibid.*), whose provisions "are mandatory and apply whether or not the court advises a person . . . that he or she must provide the data bank and database specimens, samples, and print impressions as a condition of probation, parole, or any plea of guilty, no contest, or not guilty by reason of insanity, or any admission to any of the [qualifying] offenses" (§ 296, subd. (d); cf. *People v. McClellan* (1993) 6 Cal.4th 367, 380 [24 Cal.Rptr.2d 739, 862 P.2d 739] [sex offender registration]).

■ The "order" for DNA sample compliance here appears to be in the nature of an advisement rather than a condition of probation, but the distinction is immaterial under the sections just quoted. Either way, Dial's attack on the order cannot affect the validity of his conviction and sentence or relieve him of the DNA Act's mandatory requirements. Nor can a successful Fourth Amendment challenge to the order bring him the injunctive relief he seeks. There is, accordingly, no need to reach the merits of his challenge.

### III. *Unauthorized Sentence**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 657.

### DISPOSITION

The judgments of conviction in both cases are affirmed; and the cases are remanded for resentencing.

Haerle, J., and Ruvolo, J., concurred.