Filed 10/17/25 P. v. Victorian CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JESSICA PAULINE VICTORIAN,<br><br>    Defendant and Appellant. | 2d Crim. No. B335535<br>(Super. Ct. No.  LA097900)<br>(Los Angeles County) |

Jessica Pauline Victorian appeals from the judgment after she pleaded guilty to arson in exchange for probation and credit for time served.  (Pen. Code,[1] § 451, subd. (c).)  Victorian later admitted violating probation and was sentenced to two years in state prison.  She contends the trial court abused its discretion because it did not advise her of a mandatory lifetime arson registration requirement.  We affirm.

---

[1] Undesignated statutory references are to the Penal Code.

## FACTS AND PROCEDURAL HISTORY

In October 2022, customers at Jons Fresh Marketplace reported smelling smoke coming from the restroom and hearing someone talking to herself. A security guard unlocked the restroom door and discovered that Victorian had set fire to the restroom's trash can. When the police arrived, they recovered a cigarette lighter in Victorian's pocket and arrested her.

Victorian was charged with one count of arson. (§ 451, subd. (c).) The trial court granted Victorian mental health diversion (§ 1001.35, subd. (b)). But Victorian failed to appear, and the court later terminated diversion and reinstated criminal proceedings. In March 2023, Victorian pleaded no contest to arson.

As part of her plea, Victorian signed a "Plea Form, with Explanations and Waiver of Rights—Felony." Victorian initialed several boxes, indicating that she understood and agreed with the form. Several of the boxes are crossed out with an "X," allegedly done by Victorian's attorney. One crossed-out box is a paragraph entitled "Registration" and states, "I understand that I will be required to register with the local police agency or sheriff's department in the city or county in which I reside as [¶] (1) an arson offender." Victorian did not initial this paragraph.

At sentencing, the trial court and the parties discussed what registration attached to the conviction, if any. The trial court stated its "understanding [that the conviction is] not registerable," and the prosecutor stated she would "double check."

The trial court then questioned Victorian regarding her plea. The court asked Victorian whether she reviewed the plea form "and all the rights and consequences contained in this form" with her attorney. Victorian responded, "Yes." The court asked whether her initials and signature appeared on the plea form.

2

Victorian responded, "Yes." The court asked whether she understood: the "rights and consequences that pertain to each box" she initialed on the plea form; that by signing the plea form, she was giving up all the rights contained in the form; and that a no contest plea would be treated the same as a guilty plea, and Victorian would be convicted upon that plea. Victorian responded, "Yes."

The trial court found that Victorian knowingly, willingly, and voluntarily entered into the no contest plea. It suspended imposition of sentence and placed Victorian on two years' formal probation and sentenced her to 270 days in jail with credit for time served. Victorian said she understood that she was "going to prison" if she violated probation.

At the end of the sentencing hearing, the prosecutor stated she had reviewed section 457.1, which states that "[a] person who . . . is convicted in any court in this state of arson . . . shall be required to register, in accordance with the provisions of this section, *for the rest of their life*." (§ 457.1, subd. (b)(2), italics added.) She said, "it appears that [Victorian] has to register as an arson offender." The trial court confirmed this with the prosecutor, and the following exchange occurred:

"[Prosecutor]: Your honor, I'm looking at Penal Code section 457.1.

[¶] . . . [¶]

"[Prosecutor]: And it appears that she has to register as an arson offender.

"The Court: She does? Is that a yes?

"[Prosecutor]: Yes.

"The Court: You're also ordered to register as an arson offender.

[¶] . . . [¶]

3

"The Court: All right. Ma'am, do you understand and accept your terms and conditions of probation?

"[Victorian]: Yes, I do."

While on probation, Victorian was later arrested on a misdemeanor charge and her probation was revoked. Victorian admitted a probation violation for "failure to obey all laws." The trial court reinstated probation and conditionally released Victorian for transport to a residential mental health treatment facility. Victorian later refused transport to the facility, and the trial court revoked probation and issued a bench warrant.

At her subsequent probation violation hearing, Victorian moved to withdraw her plea because she was not advised of a mandatory lifetime arson registration requirement. Victorian's counsel noted the box on the plea form requiring arson registration "was crossed off by the attorney of record at the time," and Victorian "did not put her initials in that box." It was only "during the end of the advisement by the court and the confirmation that [Victorian] had signed and initialed the *Tahl*[2] form . . .the prosecutor . . . advised that it is a registerable case." (Italics added.) At the time of her plea, Victorian's prior counsel was "surprised that it was an arson related required registration," and Victorian "didn't know and was only advised at the last minute at the end of her plea."

The trial court denied Victorian's motion to withdraw the plea. Victorian admitted the probation violation and the trial court sentenced her to two years in state prison.

---

[2] See *In re Tahl* (1969) 1 Cal.3d 122, 132, advising trial courts to obtain an "express waiver on the record" of a criminal defendant's waived rights before accepting a guilty plea.

## DISCUSSION

Victorian contends the trial court abused its discretion because it did not advise her that she would have to register as an arson offender for life. Instead, the court informed Victorian that she only needed to register during the term of her probation. We agree the trial court erred but conclude the error is harmless because there is insufficient evidence of prejudice.

"Registration requirements are consequences of qualifying criminal convictions" and " ' "are based on the assumption that persons convicted of certain offenses are more likely to repeat the crimes and that law enforcement's ability to prevent certain crimes and its ability to apprehend certain types of criminals will be improved if these repeat offenders' whereabouts are known." ' " (*People v. Pinedo* (2021) 66 Cal.App.5th 608, 615–616.) Arsonists are subject to the registration requirements because the Legislature has determined they are "likely to repeat their offenses." (*Id.* at p. 616.)

Before entering a guilty plea, a defendant must be advised of both the constitutional rights being waived and the direct consequences of the plea. (*Boykin v. Alabama* (1969) 395 U.S. 238, 242–243; *In re Tahl, supra*, 1 Cal.3d 122, 130; *In re Moser* (1993) 6 Cal.4th 342, 351; *People v. Walker* (1991) 54 Cal.3d 1013, 1020 (*Walker*); *Bunnell v. Superior Court* (1975) 13 Cal.3d 592, 605.) The arson registration requirement constitutes a direct consequence of a guilty plea. (*People v. McClellan* (1993) 6 Cal.4th 367, 376, fn. 8 (*McClellan*).) While a trial court must advise a defendant of any registration requirements, this requirement is not constitutionally compelled. (*People v. Edelbacher* (1989) 47 Cal.3d 983, 1031.) Advisement is " 'a judicially declared rule of criminal procedure.' " (*Walker*, at p. 1022.)

We agree the trial court erred by not advising Victorian that she would have to register as an arsonist for life. "[A] restrictive lifelong consequence or obligation is a direct consequence of the plea, and . . . a court must advise of the lifetime element." (*People v. Zaidi* (2007) 147 Cal.App.4th 1470, 1483 (*Zaidi*).) But to prevail, Victorian must show she was prejudiced by the error. (*McClellan*, *supra*, 6 Cal.4th at pp. 377–378 & fn. 8; *Zaidi*, at pp. 1488–1489; *In re Moser*, *supra*, 6 Cal.4th at p. 352.)

To show prejudice, a defendant must show they would not have entered the plea had the trial court given a proper advisement. (*In re Moser, supra*, 6 Cal.4th at p. 352.) A defendant's bare assertion without other support in the record indicating they would not have pleaded had they been properly advised is insufficient. (*McClellan*, *supra*, 6 Cal.4th at p. 378; *Walker*, *supra*, 54 Cal.3d at pp. 1022–1023.)

The Attorney General contends Victorian forfeited this contention because she did not object before entering her plea and immediate sentencing. (*People v. McCullough* (2013) 56 Cal.4th 589, 593 [" 'Ordinarily, a criminal defendant who does not challenge an assertedly erroneous ruling of the trial court in that court has forfeited his or her right to raise the claim on appeal' "]; *In re S.B.* (2004) 32 Cal.4th 1287, 1293 [parties are encouraged to bring errors to the trial court's attention "so that they may be corrected"].)

We need not decide whether Victorian forfeited her contention. Even if she had preserved her claim, Victorian has not established prejudicial error. Victorian does not contend she would not have entered her plea had she been aware of the lifetime registration requirement. To the contrary, Victorian concedes she does not want to "unwind" her plea; she has already

6

served her two-year term.  After she was placed on probation in March 2023, Victorian was sentenced to prison because she was arrested and admitted two probation violations.  Victorian also refused mental health diversion and other programming.  Based on this record, Victorian cannot show she would not have entered her plea had she been correctly advised of the lifetime arson registration requirement.

Instead, relying on *Zaidi*, *supra*, 147 Cal.App.4th 1470, 1489, Victorian contends she can establish prejudice because her ignorance of the registration requirement "was reasonable in light of the totality of the circumstances."  But *Zaidi* is distinguishable.  *Zaidi* held the defendant was entitled to withdraw his no contest plea because he was prejudiced by the trial court's failure to advise him of the lifetime sex offender registration requirement.  (*Id.* at p. 1490.)  The record supported defendant's motion: the trial court never advised the defendant that the registration was for life; and the defendant declared he did not understand the proceedings, English was not his first language, and he would not have entered his plea had he known the registration requirement was for life.  (*Id.* at pp. 1479–1480, 1490.)

Unlike *Zaidi*, the record here does not support that Victorian was prejudiced by the misadvisement.  (*McClellan*, *supra*, 6 Cal.4th at p. 378 [although defendant alleged he would have not entered his plea had he been properly advised of sex registration requirement, there was "nothing in the record on appeal to support this contention"].)  With her plea, Victorian received probation with credit for time served in lieu of a potentially longer prison sentence.  She also refused diversion and other treatment programs and later admitted two probation violations.  Moreover, the fact that Victorian did not register

7

indicates the registration requirement was not a substantial factor in her decision to plead. It was not until after Victorian violated probation that she raised the issue of not being advised of the lifetime registration requirement. Because the record does not indicate Victorian would have declined the credit-for-time served probation disposition to avoid the lifetime registration requirement, she cannot establish prejudice.

A "trial court's *omission*, at the change of plea hearing, of advice regarding [a] defendant's statutory obligation to register" does "not transform the court's error into a *term of the parties' plea agreement*." (*McClellan*, *supra*, 6 Cal.4th at p. 379.) And because " '[a] plea agreement is, in essence, a contract between the defendant and the prosecutor to which the court consents to be bound' " (*People v. Stamps* (2020) 9 Cal.5th 685, 701), we will not modify Victorian's conviction to a lesser charge under section 1260.

DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

8

Michael V. Jesic, Judge

Superior Court County of Los Angeles

_____

Mary Jo Strnad, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Rama R. Maline, Deputy Attorneys General, for Plaintiff and Respondent.