George Willis **FENDLEY,**
Petitioner–Appellant,

v.

**PEOPLE of the State of Colorado,**
Respondent–Appellee.

No. 03CA1065.

Colorado Court of Appeals,
Div. I.

Dec. 30, 2004.

George Willis Fendley, Pro Se.

Ken Salazar, Attorney General, John A. Lizza, Assistant Attorney General, Denver, Colorado, for Respondent–Appellee.

MARQUEZ, J.

Petitioner, George Willis Fendley, appeals the trial court's order denying his motion to discontinue sex offender registration under the Colorado Sex Offender Registration Act

(Act). We vacate the order and remand for further proceedings.

Petitioner was convicted in California on November 27, 1990 for sexual exploitation of a child, see Cal.Penal Code § 311.3 (West 2002), and was sentenced to seventy months in the California Department of Corrections. Upon release, petitioner registered in California as required under California law.

In October 1996, petitioner moved to Florida, where he registered as a sex offender, and in December 2001, he moved to Colorado, where he registered as a sex offender. Petitioner filed a motion in 2003 pursuant to a former version of § 16–22–113, Colo. Sess. Laws 2002, ch. 297 at 1176–78, requesting that registration be discontinued. Following a hearing, the trial court denied his motion.

### I.

Petitioner contends the court erred in denying his petition for removal because he is not required to register as a sex offender under the Act. We conclude that further proceedings are required.

### A.

Petitioner argues that persons convicted prior to July 1, 1991 had no obligation to register under the former version of § 16–22–103(1)(b), Colo. Sess. Laws 2002, ch. 297 at 1159. We agree.

At the time of hearing, § 16–22–103(1)(b) stated that "[a]ny person who was convicted on or after July 1, 1991, in another state or jurisdiction of an offense that, if committed in Colorado, would constitute an unlawful sexual offense, as defined in section 18–3–411(1), C.R.S., or enticement of a child, as described in section 18–3–305, C.R.S." is required to register as a sex offender. Because petitioner was convicted prior to July 1, 1991, the People do not contest this argument.

### B.

■ The People, however, argue that petitioner was required to register in Colorado under the former version of § 16–22–103(1)(c), Colo. Sess. Laws 2002, ch. 297 at 1160. We disagree.

Before being amended in 2004, § 16–22–103(1)(c) required a sex offender to register when he or she "was released on or after July 1, 1991, from the custody of the department of corrections having served a sentence for an unlawful sexual offense, as defined in section 18–3–411(1), C.R.S., or enticement of a child, as described in section 18–3–305, C.R.S." Colo. Sess. Laws 2002, ch. 297 at 1160. Section 16–22–103(1)(c) was amended in 2004 to refer to the department of corrections "of this state or any other state." Section 16–22–103(1)(c), C.R.S.2004. However, the People do not argue the amended statute applies to petitioner's motion.

Here, there is some evidence petitioner was released after July 1, 1991 from his incarceration in California. The record reflects he was convicted on November 27, 1990 and was sentenced for seventy months, which would require incarceration beyond July 1, 1991. However, petitioner argues that the former § 16–22–103(1)(c) does not apply to him because there "department of corrections" refers to the Colorado Department of Corrections, not the California Department of Corrections. We agree with petitioner.

■ Construction of a statute is a question of law. Fogg v. Macaluso, 892 P.2d 271 (Colo.1995). When construing a statute, we must ascertain and give effect to the intent of the General Assembly. Gianetto Oil Co. v. Indus. Claim Appeals Office, 931 P.2d 570, 571 (Colo.App.1996). To determine the General Assembly's intent in enacting a statute, courts look first to the plain language of the statute and interpret statutory terms in accordance with their commonly accepted meaning. Bodelson v. City of Littleton, 36 P.3d 214 (Colo.App.2001).

The former § 16–22–103 did not define "department of corrections." However, the plain language of that version of § 16–22–103(1)(c) refers to a person released from "the" department of corrections who has "served a sentence for an unlawful sexual offense, as defined in" specific Colorado statutes.

Thus, we conclude the General Assembly intended to refer to the department of corrections in Colorado. See § 17–1–101, et seq., C.R.S.2004 (department of corrections).

### C.

■ Alternatively, the People argue that petitioner is required to register in Colorado under the former version of § 16–22–103(3), Colo. Sess. Laws 2002, ch. 297 at 1161, because he is required to register in California as a sex offender. Under the current record, we are unable to determine the applicability of this section to petitioner.

At the time of the hearing on petitioner's motion, § 16–22–103(3) stated that

> any person convicted of an offense in any other state or jurisdiction for which the person, as a result of the conviction, *is required to register in the state or jurisdiction of conviction*, or for which such person would be required to register if convicted in Colorado, shall be required to register in the manner specified in section 16–22–108, so long as such person is a temporary or permanent resident of Colorado.

(Emphasis added.)

Under Cal.Penal Code § 290(a)(1)(A) (West 2004), "[e]very person described in paragraph (2), for the rest of his or her life while residing in, or, if he or she has no residence, while located within California, or while attending school or working in California . . . shall be required to register."

Under § 290(a)(2)(A), "[a]ny person who, since July 1, 1944, has been . . . convicted in any court in this state . . . of a violation of . . . [s]ection 311.3" is "required to register pursuant to paragraph (1)."

Initially, we note that the requirement to register on its face is limited to a person "while residing in, or . . . while located in California." Here, there is evidence that defendant no longer resides or is located in California.

■ Petitioner's motion, however, referred only to the former version of § 16–22–113, alleged that he was convicted in 1990, and asserted that Colorado law did not apply to him. Also, petitioner's sole argument to the trial court was that his conviction predated July 1, 1991 as provided in the former § 16–22–103(1)(b). Asserting that we are limited in our review to the trial record, the People argue that petitioner did not submit evidence to the trial court to support a finding that he is no longer required to register in California. In opposing petitioner's motion, however, the People referred to other portions of the Colorado statute, and the court relied on the People's theory. There is nothing in the trial court's order to indicate what information it used in its determination. We are limited to the record presented and may consider only arguments and assertions supported by the evidence in the record. *McCall v. Meyers*, 94 P.3d 1271, 1272 (Colo.App.2004)(citing *Fleet v. Zwick*, 994 P.2d 480 (Colo.App.1999)). A petitioner cannot overcome the lack of information in the record by statements in the briefs. *McCall v. Meyers, supra; In re Marriage of Murray*, 790 P.2d 868 (Colo.App.1989); *see* C.A.R. 28(a)(3).

However, the trial court's order denying petitioner's request states only:

> [Petitioner's] theory is that his conviction preceded the date that Colorado passed the registration law. The district attorney's theory is that he's required to register in California, therefore he's entitled to register—must register here, and that his release date from prison was subsequent to the date that Colorado passed this legislation. They're both legitimate arguments, but I'm going to agree with the district attorney in this case and deny the request that he doesn't have to register.

It is unclear whether the trial court's decision is based on (1) a determination that petitioner is required to register in Colorado because he is currently required or was ever required to register in California, (2) the lack of evidence provided by petitioner, or (3) some other rationale.

■ The purpose of sex offender registration is not to inflict additional punishment on a person convicted of a sexual offense, but rather to aid law enforcement officials in investigating future sex crimes and to protect the public safety. *Jamison v. People*, 988 P.2d 177 (Colo.App.1999)(citing a 1998 version of § 18–3–412.5(6.5)(a)). The Act provides several different means to effectuate this purpose.

■ In our view, however, the use of the present tense in the statute—"is required to register in the state or jurisdiction of convic-

tion" in § 16–22–103(3)—refers to any person currently required to register in the state of conviction. The statute does not refer to a person who "was" or "has been" required to register.

The statute requiring registration in California was amended in 1998. As amended, Cal.Penal Code § 290(f)(1) (West 2004) reads:

> [I]f any person who is required to register ... changes his or her residence address or location ... to a new jurisdiction inside or outside the state, the person *shall inform*, in writing within five working days, the law enforcement agency ... with which he or she last registered of the new address or location. The law enforcement agency or agencies shall, within three working days after receipt of this information, forward a copy of the change of address or location information to the Department of Justice. The Department of Justice shall forward appropriate registration data to the law enforcement agency or agencies having local jurisdiction of the new place of residence or location.

(Emphasis added.) *See* § 16–22–108(4)(a), C.R.S.2004 (setting forth similar requirement in Colorado). Prior to this amendment, registered offenders were not required to notify authorities when leaving California to live elsewhere. *People v. Franklin*, 20 Cal.4th 249, 84 Cal.Rptr.2d 241, 975 P.2d 30, 34 (1999). Thus, petitioner here was not required to register in California once he moved to Florida in 1996.

In *Franklin*, the defendant was convicted in 1985 for crimes committed in California. Although he registered in California in 1989, he failed to register annually after that time. He moved to Texas in May 1995, but he was arrested in December 1995 and returned to California. The defendant was found guilty of violating the requirements to register and give change of address under the 1998 amendment. The California Supreme Court reversed, holding: "[A] layperson ... could reasonably assume that the 1995 version of the act did not apply to him once he left California.... Under one reasonable interpretation of former section 290, at that point defendant, as a nonresident, had no further responsibilities under the California statute."

*People v. Franklin, supra*, 20 Cal.4th at 255–56, 84 Cal.Rptr.2d 241, 975 P.2d 30.

Therefore, we conclude the case must be remanded for the trial court to review petitioner's motion to discontinue registration based on our interpretation of the former § 16–22–103(3).

## II.

Petitioner also argues that the trial court wrongfully rejected a letter he offered from the Governor of Florida. We disagree.

The trial court has considerable discretion in ruling upon the admissibility of evidence, and we will find an abuse of discretion only if its ruling is manifestly arbitrary, unreasonable, or unfair. *People in Interest of Yeager*, 93 P.3d 589 (Colo.App.2004). At trial, the court questioned petitioner as to the significance of the letter. Defendant stated only that the letter "say[s] who I am in front of you." Because defendant did not otherwise indicate the basis for the admission of the letter, the trial court did not abuse its discretion in refusing it.

For the first time on appeal, petitioner argues that (1) his registration status changed by moving to Florida and (2) he was denied due process. Issues not presented to or raised in the trial court will not be considered on appeal. *Beauprez v. Avalos*, 42 P.3d 642 (Colo.2002); *People v. Lucero*, 985 P.2d 87 (Colo.App.1999).

In view of the foregoing, we do not address petitioner's ex post facto arguments. Petitioner made such arguments only in response to the People's assertion that there was no ex post facto violation.

The order is vacated, and the case is remanded for further proceedings under the former § 16–22–103(3) as set forth above.

Judge CASEBOLT and Judge ROY concur.