Filed 4/15/21  P. v. Gonzalez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> GREGORIO MYERS GONZALEZ, <br><br> Defendant and Appellant. | F080846 <br><br> (Super. Ct. No. F10905110) <br><br><br> **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Michael G. Idiart, Judge.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Ian Whitney, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Defendant Gregorio Myers Gonzalez pled no contest to one count each of sexual intercourse or sodomy with a child 10 years of age or younger (Pen. Code, § 288.7,

---

[*] Before Franson, Acting P.J., Smith, J. and Snauffer, J.

subd. (a))[1] and oral copulation or sexual penetration with a child 10 years of age or younger (§ 288.7, subd. (b)). The court sentenced him to 40 years to life in prison, imposed various fines and fees, and issued a no-visitation order pursuant to section 1202.05. That section requires a court to prohibit all visitation between an imprisoned defendant and a child victim if the defendant is convicted of at least one of certain enumerated sex offenses.

Gonzalez's sole issue on appeal is that neither offense he pled no contest to is enumerated in section 1202.05, and therefore the no-visitation order issued thereunder was unauthorized and must be vacated. The People agree the section 1202.05 order must be vacated, but ask us to remand the matter for the trial court to consider issuing a restraining order under section 136.2, subdivision (i)(1). That subdivision requires a court, at the time of sentencing, to consider issuing a no-contact restraining order between the defendant and victim if the defendant is convicted of a crime involving domestic violence or a crime that requires registration as a sex offender pursuant to section 290, subdivision (c). (§ 136, subd. (i)(1).) Both offenses Gonzalez pled no contest to require sex offender registration. (§ 290, subd. (c)(1).)

Gonzalez counters that he committed his crimes in 2010, and section 136.2, subdivision (i)(1), was not amended until 2014 to include crimes requiring registration under section 290, subdivision (c). Hence, he contends imposing a restraining order under section 136.2, subdivision (i)(1), would violate ex post facto principles and section 3.

We concur with the parties the section 1202.05 no-visitation order was unauthorized and must be vacated. However, we conclude that imposing a restraining order under section 136.2, subdivision (i)(1), would not violate ex post facto principles or section 3. And since section 136.2, subdivision (i)(1), provides a statutory basis for the

---

[1] Undesignated statutory references are to the Penal Code.

type of contact-restricting order the trial court intended to issue, we conclude it is appropriate to remand the matter for the trial court to consider imposing a restraining order under section 136.2, subdivision (i)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

### I.    The crimes[2]

On the evening of October 4, 2010, the eight-year-old victim (CV) and her six-year-old neighbor were playing in front of their homes in Fresno when Gonzalez drove up in his truck and offered to take the girls to the store so he could buy them candy. The girls ignored him. He got out, picked up CV and put her in his truck, and sped away. Police were called and began investigating.

Early the next morning, a truck came to the attention of Victor P., who lived on CV's street. Victor's suspicion grew because the truck matched the description of the one involved in the abduction. He got into his own truck and followed it. He caught up with the other truck and yelled to the driver, later identified as Gonzalez, that he wanted to talk to him. Victor saw a girl's head pop up as he tried maneuvering in front of Gonzalez to force him to stop. Victor recognized the girl as CV.

Victor got Gonzalez to stop and yelled that Gonzalez could not leave. Gonzalez opened the passenger door, pushed CV out, and drove off. CV was shaking and told Victor she was scared. Witnesses called 911.

CV underwent a sexual assault examination at the hospital that revealed the presence of Gonzalez's sperm on a vaginal swab and a rectal smear. CV told police how she was kidnapped, taken to a wooded area, and vaginally and anally raped. Gonzalez also orally copulated her. Police later located Gonzalez and questioned him and found evidence in his truck linking him to the crime. Victor identified Gonzalez as the man he had tried to detain, and CV identified him as her assailant.

---

[2] We summarize the facts that pertain to the counts to which he pled no contest.

**II.     Court proceedings**

The Fresno County District Attorney filed an information on July 23, 2012, charging Gonzalez with forcible lewd act on a child (§ 288, subd. (b)(1); counts 1 through 3), sexual intercourse or sodomy with a child 10 years of age or younger (§ 288.7, subd. (a); counts 4 and 5), oral copulation or sexual penetration with a child 10 years of age or younger (§ 288.7, subd. (b); count 6), and indecent exposure (§ 314.1; counts 7 and 8).  As to counts 1 through 3, it was further alleged Gonzalez kidnapped CV and that CV was a child under 14 years of age (§ 667.61, subds. (d)(2) & (j)(1)).

On October 7, 2019, Gonzalez pled no contest to counts 5 and 6 with the understanding he would receive an indeterminate term with no parole eligibility for 40 years.  On February 19, 2020, the trial court sentenced Gonzalez in accordance with the plea bargain by imposing an indeterminate term with no parole eligibility for 15 years on count 6 and an indeterminate term with no parole eligibility for 25 years as to count 5, the terms to be served consecutively.  At the same time, the court ordered under section 1202.05 that there be "no visitation whatsoever" between Gonzalez and CV.

Gonzalez timely filed a notice of appeal and the trial court granted his request for a certificate of probable cause.

## DISCUSSION

Gonzalez's sole contention on appeal is that the section 1202.05 no-visitation order was unauthorized and must be vacated.  The People concede the order must be vacated, but ask us to remand for the court to consider issuing a restraining order under section 136.2, subdivision (i)(1).  We conclude that remand is proper for that limited purpose and that a restraining order under section 136.2, subdivision (i)(1) would not violate ex post facto principles or section 3.

**A. The section 1202.05 order was unauthorized**

Section 1202.05 provides in pertinent part:  "Whenever a person is sentenced to the state prison on or after January 1, 1993, for violating Section 261, 264.1, 266c, 285,

4.

286, 288, 288.5, or 289, or former Section 288a, and the victim … is a child under the age of 18 years, the court shall prohibit all visitation between the defendant and the child victim." Gonzalez pled guilty to one violation each of section 288.7, subdivision (a), and section 288.7, subdivision (b). Neither of these offenses is enumerated in section 1202.05, and therefore the court was not authorized to issue a no-visitation order under that section. The order must be vacated.[3]

### B. Remand is nevertheless appropriate

The People contend we should nevertheless remand the matter to the trial court to consider imposing a restraining order under section 136.2, subdivision (i)(1). Gonzalez counters that issuing a restraining order under that subdivision would violate ex post facto principles and section 3. We agree with the People that remand is appropriate.

#### 1. *Ex post facto principles*

Section 136.2, subdivision (i)(1) states, in relevant part: "When a criminal defendant has been convicted of a crime involving domestic violence ... or a crime that requires the defendant to register pursuant to subdivision (c) of Section 290, the court, at the time of sentencing, shall consider issuing an order restraining the defendant from any contact with a victim of the crime. The order may be valid for up to 10 years, as determined by the court. This protective order may be issued by the court regardless of whether the defendant is sentenced to the state prison or a county jail[,] ... or whether imposition of sentence is suspended and the defendant is placed on probation." (§ 136.2, subd. (i)(1), Stats. 2019, ch. 256, § 6, eff. Jan. 1, 2020.)

---

[3] The parties also correctly note that Gonzalez's challenge to the no-visitation order was not forfeited despite his failure to object in the trial court. "A claim that a sentence is unauthorized….may be raised for the first time on appeal, and is subject to judicial correction whenever the error comes to the attention of the reviewing court." (*People v. Dotson* (1997) 16 Cal.4th 547, 554, fn. 6; accord *People v. Andrade* (2002) 100 Cal.App.4th 351, 354 ["[c]laims involving unauthorized sentences or sentences entered in excess of jurisdiction can be raised at any time"].)

Section 290, subdivision (c)(1), requires any person convicted of violating section 288.7 to register as a sex offender.  Gonzalez, who pled no contest to violating section 288.7, subdivisions (a) and (b), was thus required to register under section 290, subdivision (c).  Because he was required to register pursuant to section 290, subdivision (c), he would be within the purview of section 136.2, subdivision (i)(1).

Gonzalez does not dispute that section 136.2, subdivision (i)(1), authorizes no-contact orders like the one imposed here.  Rather, he contends that application of section 136.2, subdivision (i)(1), to his case violates ex post facto principles because he committed his crimes in 2010, and subdivision (i)(1) was not amended until 2014 to include defendants convicted of crimes requiring registration under section 290, subdivision (c).  (Former Stats. 2013, ch. 291, § 1.5, eff. July 1, 2014, repealed by former Stats. 2014, ch. 71, § 115, eff. Jan. 1, 2015.)[4]

"[T]he ex post facto clauses of the state and federal Constitutions are 'aimed at laws that "retroactively alter the definition of crimes or increase the punishment for criminal acts." ' " (*People v. Grant* (1999) 20 Cal.4th 150, 158.)  Gonzalez concedes the 2014 amendment to section 136.2, subdivision (i)(1), did not alter the definition of his crime.  He contends, however, that it increased the punishment for his crime.  He is incorrect.

In determining whether section 136.2, subdivision (i)(1), increased the punishment for Gonzalez's crimes, "we consider 'whether the Legislature intended the provision to constitute punishment and, if not, whether the provision is so punitive in nature or effect that it must be found to constitute punishment despite the Legislature's contrary intent.' " (*People v. Alford* (2007) 42 Cal.4th 749, 755 (*Alford* ).)  " 'If the intention of the legislature was to impose punishment, that ends the inquiry.  If, however, the intention

---

[4] Section 136.2, subdivision (i)(1), has not substantively changed since this amendment.

6.

was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is " 'so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.' " [Citations.] Because we "ordinarily defer to the legislature's stated intent," [citation], " 'only the clearest proof' " will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty," [citations].' " (*Ibid.*)

Section 136.2, subdivision (i)(1), sets forth legislative intent: "It is the intent of the Legislature in enacting this subdivision that the duration of a restraining order issued by the court be based upon the seriousness of the facts before the court, the probability of future violations, and the safety of a victim and the victim's immediate family." (§ 136.2, subd. (i)(1).) Given this stated intention, it is apparent that the Legislature enacted section 136.2, subdivision (i)(1), for the purpose of victim protection, a nonpunitive intention. Thus, the issue is whether section 136.2, subdivision (i)(1), is so punitive in nature or effect that it must be found to constitute punishment.

Gonzalez has not shown how a no-contact restraining order would be at all burdensome to him, let alone so burdensome in effect so as to constitute punishment. He does not state that he lives near CV, is related to CV, or that he is acquainted with CV's family and friends. He does not identify any activities he would be precluded from pursuing due to the restraining order, and he does not identify any relationships that would be lost or destroyed due to the restraining order. Moreover, he ignores the circumstance that he is serving a 40-years-to-life prison sentence. Given that section 136.2, subdivision (i)(1), authorizes a stay-away order with a maximum duration of 10 years, there is only a short period of time during which he must conform his movement and conduct to the terms of the order.

We also see nothing in section 136.2, subdivision (i)(1), that suggests it is generally punitive in nature; an order prohibiting victim contact for up to 10 years is rationally related to the nonpunitive purpose of victim protection and cannot be deemed

excessive with respect to that purpose. (*Alford, supra,* 42 Cal.4th at p. 757 [relevant factors in determining whether a statute is punitive include whether the statute has a rational connection to a nonpunitive purpose and whether the statute is excessive with respect to this purpose].) Gonzalez asserts that a section 136, subdivision (i)(1), restraining order is punitive because violating it would be a punishable offense. (See § 166, subd. (a)(4) [willfully disobeying a court order is a misdemeanor].) We disagree. Two cases from the California Supreme Court, considered together, synthesize the rule that an order issued as part of a criminal sentence is not punitive simply because violating the order would be a crime.

In 1999, our Supreme Court decided *People v. Franklin* (1999) 20 Cal.4th 249 (*Franklin*), and *People v. Castellanos* (1999) 21 Cal.4th 785 (*Castellanos*). Both cases involved questions regarding the application of certain provisions of section 290. In *Franklin,* decided in May 1999, the defendant was convicted of failing to comply with the sex offender registration law after failing to notify state authorities of his move to Texas. (*Franklin, supra,* 20 Cal.4th at pp. 250—251.) The question on appeal was whether the notification requirement in effect at the time the defendant moved to Texas applied to persons who left the state to live elsewhere. (*Id.* at p. 251.) The Court began its analysis by noting that "failure to comply with California's sex offender registration law constitutes a penal offense." (*Id.* at p. 253.) A footnote in that same paragraph of the opinion states: "We express no opinion on whether the obligation that a person register as a sex offender, imposed as a consequence of a conviction of a criminal offense, constitutes punishment for purposes of ex post facto analysis. That issue is before us in *People v. Castellanos*, S064388." (*Ibid.*, fn. 2.)

In *Castellanos*, decided in August 1999, the trial court ordered a convicted sex offender to register under a provision in section 290 that became effective after he committed his offenses. (*Castellanos, supra,* 21 Cal.4th at p. 788.) The Supreme Court upheld the trial court's order, concluding the requirement that a person register as a sex

offender does not constitute punishment for purposes of ex post facto analysis. (*Ibid.*) The Court referenced *Franklin*, writing: "In *People v. Franklin* […], we held that 'failure to comply with California's sex offender registration law constitutes a penal offense,' but 'express[ed] no opinion on whether the obligation that a person register as a sex offender, imposed as a consequence of a conviction of a criminal offense, constitutes punishment for purposes of ex post facto analysis,' noting that that issue is before us in the present case." (*Id.* at p. 791, fn. 3.)

These statements from *Franklin* and *Castellanos*, considered together, illustrate that an order or other requirement imposed on a convicted person is not punitive for ex post facto purposes just because failing to comply with the imposition is a punishable offense.

In light of the foregoing, we conclude section 136.2, subdivision (i)(1), does not constitute punishment for ex post facto purposes.

### 2. Section 3

Gonzalez alternatively argues a section 136.2, subdivision (i)(1), restraining order would violate section 3, which provides no part of the Penal Code "is retroactive, unless expressly so declared." However, issuing a restraining order against Gonzalez under subdivision (i)(1) of section 136.2 would not require a retroactive application because that subdivision was amended to apply to sex offenders *before* Gonzalez was sentenced.[5] Stats. 2019, ch. 256, § 6, eff. Jan. 1, 2020.) Again, subdivision (i)(1) requires a trial court, *at the time of sentencing*, to consider issuing a restraining order against a defendant convicted of a sex offense requiring registration under section 290.

In sum, issuing a restraining order under section 136.2, subdivision (i)(1), would not violate ex post facto principles or section 3. The appropriate disposition is to remand

---

[5] To be exact, the statute was amended before Gonzalez was even convicted by his plea.

the matter for the trial court to consider issuing a restraining order under subdivision (i)(1) because that subdivision provides a statutory basis for the kind of contact-restricting order the trial court improperly imposed under section 1202.05.

## DISPOSITION

The matter is remanded for the trial court to consider issuing a restraining order under Penal Code section 136.2, subdivision (i)(1). In all other respects, the judgment is affirmed.