Filed 5/11/15  P. v. Barron CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JUANARD DI BARRON, <br><br> Defendant and Appellant. | F068302 <br><br> (Super. Ct. No. BF149248A) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  John R. Brownlee, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Kathleen A. McKenna, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Kane, J. and Peña, J.

## INTRODUCTION

Appellant Juanard Di Barron contends his convictions for failing to comply with Penal Code section 290[1] registration requirements should be reversed because he was never advised that his prior guilty plea to the substantive offense would require lifetime registration. We will affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

On the afternoon of June 24, 2013, Bakersfield Police Officer Jason Parker responded to a local motel where a resident, Barron, was engaging in bizarre behavior. Barron advised Parker he was a sex offender. Parker asked Barron if he was required to register; Barron indicated he was but stated, "I'm not going to." Barron indicated he had not registered with the motel address where he was living, his conviction was unconstitutional, and he had decided not register for that reason.

Parker advised Barron he should register right away; Barron stated he would not do so. Bakersfield Police Department records showed that Barron last registered in March 2013 at a different address. Barron registered on March 12, 2013, at a Banks Street address; he had not registered at the motel address where he was living.

Barron was charged with one count of failing to register within five days of a change of address (§ 290, subd. (b)) and one count of failure to register after a birthday (§ 290.012, subd. (a)). Also, one strike prior and three prison priors were alleged.

On July 31, 2013, Barron, representing himself in propria persona, filed a motion to set aside the underlying conviction for violating section 288, subdivision (a), which conviction occurred in 1986 as the result of a plea in Kern County Superior Court case No. SC030625A. Barron argued that he had received inadequate advisements under

---

[1]References to code sections are to the Penal Code unless otherwise stated.

2.

*Boykin/Tahl*[2] in that he was not advised of, and did not waive, his constitutional rights. Prior to the commencement of the trial, the motion was denied without prejudice.

Later, when the motion was heard at the commencement of the trial, the trial court inquired if Barron was challenging the underlying conviction because he never was told of the sex offender registration requirement before entering his plea. Barron responded, "No. That is not correct." Barron clarified that he never was told of his "constitutional rights nor did [he] waive them under the *Boykin/Tahl* issue," the "right to jury trial, self-incrimination, and the other one."

The trial court again asked, "[A]re you making a beef here at all that you were not advised about your [section] 290 rights?" Barron responded, "No. No. That had nothing to do with it."

The trial court conducted an evidentiary hearing on Barron's motion. The trial court ruled that under the totality of the circumstances, the evidence was sufficient to find a knowing, voluntary, and intelligent waiver of Barron's constitutional rights. Barron was asked if he had any other motions in limine to bring before the trial court and he responded, "No."

At sentencing, Barron did not raise any issue regarding the section 290 registration requirement.

## DISCUSSION

Barron's sole contention on appeal is that his underlying conviction for violating section 288, subdivision (a) is unconstitutional because he was not advised that lifetime registration as a sex offender would be a consequence of his plea.

Barron contends he challenged his underlying conviction in the trial court on the grounds he never was advised of the lifetime registration requirement. The record reflects otherwise. In the trial court, Barron challenged only the failure to advise him of

---

[2]*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Tahl* (1969) 1 Cal.3d 122.

3.

his constitutional rights pursuant to *Boykin/Tahl*. Even when the trial court specifically asked Barron on multiple occasions if he was challenging the underlying conviction on the basis of a failure to advise of the section 290 requirement, Barron emphatically responded in the negative. Failure to raise this issue in the trial court precludes raising it in the context of this appeal. (*People v. McCullough* (2013) 56 Cal.4th 589, 593; *In re Stier* (2007) 152 Cal.App.4th 63, 74.)

Moreover, a defendant, such as Barron, making a collateral attack on a prior conviction by way of a motion must demonstrate an "actual denial of his constitutional rights." (*People v. Sumstine* (1984) 36 Cal.3d 909, 922 (*Sumstine*).) While sex offender registration is a direct consequence of a plea, the failure to advise of registration rights does not constitute a violation of constitutional rights. (*People v. McClellan* (1993) 6 Cal.4th 367, 376 (*McClellan*).) The validity of a prior conviction must be litigated in a separate proceeding. (*People v. Villa* (2009) 45 Cal.4th 1063, 1074.)

Regardless, a failure to advise of the direct consequences of a plea is reversible only if prejudice is established. (*People v. Edelbacher* (1989) 47 Cal.3d 983, 1031-1032.) First, the defendant must establish affirmatively that there was a failure to advise of the direct consequences of the plea; a silent record is insufficient. (*Sumstine*, *supra*, 36 Cal.3d at p. 924.) Here, as Barron admits, there is a silent record as to the registration requirement at the time of his plea and sentencing.

Second, to establish prejudice, the defendant must demonstrate that he would not have entered into the plea if he had known of the registration consequences. (*McClellan*, *supra*, 6 Cal.4th at p. 378.) No such showing has been made, or was attempted to be made, in the trial court because Barron was not asserting a failure to advise him of the section 290 requirement as a basis for setting aside his prior conviction.

We note that Barron acknowledges he was affirmatively advised of the lifetime registration requirement at least as of June 6, 1991, while in prison. Yet, the record is devoid of any indication he sought relief from the registration requirement and the

4.

conviction for violating section 288, subdivision (a) by way of a petition for habeas corpus, or otherwise, until he was charged in 2013 with failing to register, a full 22 years after notification of the registration requirement. In fact, Barron previously did register as a sex offender. Barron does have to timely challenge a registration requirement or forfeit any claim of error. (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1427 [even if trial court exceeded its jurisdiction in imposing registration requirement, defendant had to appeal timely or forfeit claim of error].)

Finally, in addition to the proper methods of attacking the validity of the prior conviction for violating section 288, subdivision (a), such as a petition for writ of habeas corpus, Barron has available to him the provisions of sections 290.5, subdivision (a)(1) and 4852.01, subdivision (d) for seeking relief from the sex offender registration requirement. We make no judgment on the merits of any such petitions.

## DISPOSITION

The judgment is affirmed.