Filed 8/14/14

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN GILBERT DELUCA,<br><br>    Defendant and Appellant. | B251154<br><br>(Los Angeles County<br>Super. Ct. No. PA076183) |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel B. Feldstern, Judge.  Affirmed.

        Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

        Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, James William Bilderback II and Tannaz Kouhpainezhad, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant, John Gilbert Deluca, appeals from his conviction for violating Penal Code section 290.011, subdivision (b).[1] The trial court found true prior conviction allegations within the meaning of sections 667, subdivisions (b) through (i), 667.5, subdivision (b) and 1170.12. Defendant was sentenced to seven years, eight months in state prison. We affirm the judgment.

A transient sex offender is required to register as such. (§ 290.011, subd. (a).) A transient sex offender is required to provide current information as to all places where he or she sleeps, eats, works, or engages in leisure activities. (§ 290.011, subd. (d).) A transient sex offender who moves to a residence has five working days within which to register at that address. (§ 290.011, subd. (b).) Section 290.011, subdivision (b) states in pertinent part, "A transient who moves to a residence shall have five working days within which to register at that address, in accordance with subdivision (b) of Section 290." Pursuant to section 290.011, subdivision (g), "'Residence' means one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address, including, but not limited to, houses, apartment buildings, motels, hotels, *homeless shelters,* and recreational and other vehicles." (Italics added.) This definition is broad. (*People v. Gonzales* (2010) 183 Cal.App.4th 24, 37.)

Our Supreme Court has repeatedly discussed the purpose of the sex offender registration statutes. (§§ 290-290.024.) "[T]he [sex offender] registration act is intended to promote the state's interest in controlling crime and preventing recidivism in sex offenders by making them readily available for police surveillance *at all times*. ([*Wright v. Superior Court* (1977) 15 Cal.4th 521, 527]; [s]ee also *People v. McClellan* (1993) 6 Cal.4th 367, 376, fn. 7.)" (*People v. Franklin* (1999) 20 Cal.4th 249, 254, italics added.) Also, our Supreme Court has explained, "The purpose of [the lifelong sex offender registration requirement] is 'to assure that persons convicted of the crimes enumerated [in section 290, subdivision (c),] shall be readily available for police surveillance *at all times*

---

[1] Further statutory references are to the Penal Code.

because the Legislature deemed them likely to commit similar offenses in the future.' [Citations.]" (*People v. McClellan, supra,* 6 Cal.4th at p. 376, fn. 7, italics added; accord, *People v. Barker* (2004) 34 Cal.4th 345, 352; *Wright v. Superior Court, supra,* 15 Cal.4th at p. 527.)

Defendant argues there was insufficient evidence the shelter he frequented—a National Guard Armory emergency winter shelter—was a "residence" within the meaning of section 290.011, subdivision (b) in that: the shelter was only open from December 1 to March 15 and from 6 p.m. to 7 a.m.; the shelter operation was set up anew each night and taken down each morning; individuals who stayed at the shelter were referred to as "clients," not "residents"; the cots were set up in one large open area; there was no segregation by gender; sex offenders were not separated from the rest of the population; no mail could be received at the armory; there was no voicemail service; no breakfast was served; clients could not store personal possessions; and cots were assigned on a first-come, first-served basis, although no one was affirmatively turned away.

We look to the language of the statute in light of its purpose. Our review is de novo. (See *In re Ethan C.* (2012) 54 Cal.4th 610, 627; *People v. Licas* (2007) 41 Cal.4th 362, 367.) Our Supreme Court has observed: "When construing a statute, we look first to its words, '"because they generally provide the most reliable indicator of legislative intent." [Citation.] We give the words their usual and ordinary meaning [citation], while construing them in light of the statute as a whole and the statute's purpose [citation].' (*Pineda v. Williams-Sonoma Stores, Inc.* (2011) 51 Cal.4th 524, 529-530.) '"If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs." [Citation.] "Only when the statute's language is ambiguous or susceptible of more than one reasonable interpretation, may the court turn to extrinsic aids to assist in interpretation." [Citation.]' (*Id.* at p. 530.)" (*In re Ethan C., supra,* 54 Cal.4th at p. 627; accord, *Ceja v. Rudolph & Sletten, Inc.* (2013) 56 Cal.4th 1113, 1119.)

There is nothing uncertain about the language of section 290.011, subdivision (g). It clearly and unambiguously states that "residence" within the meaning of section

290.011 includes a homeless shelter that can be located by a street address. The shelter may be one of several addresses at which an individual regularly resides without regard for the number of days or nights actually spent there. This broad definition is consistent with the legislative purpose—to prevent recidivism by allowing law enforcement authorities to monitor sex offenders at all times. Here, the homeless shelter defendant frequented could be located by street address. Individuals were supplied with a cot and blanket, showering facilities, dinner every evening, and a sack lunch. Transportation to and from various points in the San Fernando Valley was provided. We conclude the National Guard Armory was a residence within the meaning of section 290.011. Our views in this regard are consistent with the aforementioned purposes of the sex offender registration statutes—to ensure persons such as defendant are readily available for police surveillance. (*People v. Franklin, supra,* 20 Cal.4th at p. 254; *People v. McClellan, supra,* 6 Cal.4th at p. 376, fn. 7.)

The judgment is affirmed.

**CERTIFIED FOR PUBLICATION**


TURNER, P. J.


We concur:



MOSK, J.                                            MINK, J.[*]

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.