Filed 9/22/20  P. v. Pierce CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>RANDALL BLAINE PIERCE,<br><br>        Defendant and Appellant. | A157464<br><br>(San Mateo County<br>Super. Ct. No.<br>19SF003185A) |

Appellant Randall Blaine Pierce (Appellant) appeals from revocation of his parole.  We affirm.

BACKGROUND

Appellant was released on parole in July 2017.  On March 1, 2019, the California Department of Corrections and Rehabilitation, Division of Adult Parole Operations, filed a petition to revoke Appellant's parole, alleging he violated conditions of parole by disabling his GPS monitor, by absconding from parole supervision, and by failing to register as required by law.  On March 22, the trial court sustained the petition following a contested hearing.  The court imposed a 160-day jail term and reinstated parole on the same terms and conditions.

At the revocation hearing, Parole Agent Jocelyn Harden testified she supervised Appellant at the time of the alleged parole violations.  On July 24,

1

2017, Appellant acknowledged his conditions of parole in writing. On February 3, 2019, Harden was alerted Appellant's GPS device was in "dead battery mode." On February 5, she sought Appellant at his two recent reported places of residence. The Home First Shelter in San Jose reported Appellant had last been there on February 3. On February 25, 2019, Appellant was arrested. Harden asserted Appellant was in violation of his parole conditions for failing to report a change of residence and to register as a transient.

Appellant testified he was admitted to the Veteran's Administration hospital on February 3, 2019. He was on a three-day Welfare and Institutions Code section 5150 hold, "followed by a 21-day hold." He had no ability to charge his GPS tracking device and he expected to return to the Home First Shelter after his release from the hospital. He was still at the hospital when he was arrested on February 25.

The trial court found Appellant violated parole by absconding from parole supervision and by failing to register as required by law. The court did not sustain the allegation that Appellant disabled his GPS tracking device. The court reinstated parole on the same terms and conditions, and ordered Appellant to serve 160 days in custody.

DISCUSSION

Appellant contends insufficient evidence supports the trial court's finding he violated a parole condition. We reject the claim.

Penal Code section 1203.2[1] authorizes a court to revoke parole "if the interests of justice so require and the court, in its judgment, has reason to believe from the report of the . . . parole officer or otherwise that the person has violated any of the conditions of his or her supervision . . . ." (§ 1203.2,

---

[1] All undesignated statutory references are to the Penal Code.

subd. (a).) The violation of parole must be willful. (*People v. Gonzalez* (2017) 7 Cal.App.5th 370, 382 (*Gonzalez*), disapproved on another ground in *People v. DeLeon* (2017) 3 Cal.5th 640.) We review the trial court's order revoking parole under the abuse of discretion standard, and the court's factual findings are reviewed for substantial evidence. (*Gonzalez,* at p. 381 [addressing revocation of post-release community supervision].)

One of the conditions of Appellant's parole was, "You shall inform your supervising parole agent of your residence . . . . Any change or anticipated change to your residence shall be reported to your parole agent in advance." Appellant argues, "The People failed to introduce evidence the [Veteran's Administration ] facility was appellant's 'residence.' " The probation condition requiring Appellant to inform his parole agent regarding a change of "residence" does not define the term, but the decision in *People v. Deluca* (2014) 228 Cal.App.4th 1263 (*Deluca*) explains that a related statutory provision defines the term very broadly.

In *Deluca*, *supra*, 228 Cal.App.4th 1263, the issue was whether the defendant had violated section 290.011, requiring the registration of sex offenders who are transients. Section 290.011, subdivision (g), states, "For purposes of the act, 'transient' means a person who has no residence. 'Residence' means one or more addresses at which a person regularly resides, regardless of the number of days or nights spent there, such as a shelter or structure that can be located by a street address, including, but not limited to, houses, apartment buildings, motels, hotels, homeless shelters, and recreational and other vehicles." Section 290.011, subdivision (b) requires a transient to register at an address within five days of moving to a residence. In *Deluca*, the defendant failed to register after moving to a shelter, and the court concluded the shelter was a residence within the meaning of the statue,

even though it was an emergency facility that "was set up anew each night and taken down each morning." (*Deluca*, at p. 1266.) The court reasoned its holding was consistent with the statutory purpose "to ensure persons such as defendant are readily available for police surveillance." (*Id.* at p. 1267.)

The issue in the present case is the meaning of "residence" as used in Appellant's parole condition, instead of as used in the statutory scheme. Like probation conditions, a parole condition "should be given 'the meaning that would appear to a reasonable, objective reader.'" (*People v. Olguin* (2008) 45 Cal.4th 375, 382.) Here, a reasonable, objective reader would give "residence" as used in the parole condition the same meaning it is given in section 290.011, subdivision (g). It would be illogical to define "residence" in the parole condition more narrowly, given that the intent of the statute and the condition is the same—to facilitate proper supervision of sex offenders. (See *People v. Turner* (2007) 155 Cal.App.4th 1432, 1436 [probation conditions should be understood in light of their purposes].)[2]

In the present case, Appellant's own testimony showed he stayed at the Veteran's Administration hospital for most of February 2019. The hospital was his "residence" within the meaning of his parole conditions, and he was obligated to inform his parole agent of that change of residence in order for

---

[2] *Gonzalez, supra*, 7 Cal.App.5th 370, is distinguishable. There, the court of appeal, reviewing revocation of post-release community supervision, concluded a Welfare and Institutions Code section 5150, subdivision (a) hold did not "turn the treatment facility into a residence" because the hold "lasts 72 hours at most." (*Gonzalez*, at p. 382.) In the present case, the evidence showed Appellant stayed at the Veteran's Administration hospital from February 3, 2019, until the date of his arrest on February 25. Appellant does not argue his mental or medical condition was such that he was unable to contact his parole agent during that period.

her to supervise him.  The trial court's determination that Appellant violated a parole condition is supported by substantial evidence.[3]

DISPOSITION

The trial court's order is affirmed.

---

[3] We need not and do not consider whether substantial evidence also supported the trial court's determination that Appellant failed to file as a transient as required by section 290.011.

_____
SIMONS, J.

We concur.

_____
JONES, P.J.

_____
BURNS, J.

(A157464)